### BERNHARD v. COHEN.

(City Court of New York, General Term. February 25, 1899.)

ATTACHMENT— REMOVAL WITH INTENT TO DEFRAUD.

     Attachment, on the ground of removal from the state with intent to defraud, is not warranted on a mere showing that defendant is indebted to plaintiff, that he is removing to a place in another state, and has packed all his goods in boxes, addressed to himself at such place.

Appeal from special term.

Action by Benjamin Bernhard against David Cohen. From an order denying motion to vacate an attachment, defendant appeals. Reversed.

Argued before McCARTHY and SCHUCHMAN, JJ.

Richard F. Price, for appellant.
Platzek, Stroock & Herzog, for respondent.

McCARTHY, J. This is an appeal from an order made by Justice Olcott denying a motion to vacate, on the original papers, a warrant of attachment granted by said justice. It was issued on the ground that the defendant was about to remove his property from the city of New York, with the intent to cheat and defraud his creditors. In order to sustain this warrant of attachment on the original papers, there must appear on said papers a prima facie case, on the part of the defendant to remove his property from this state with the intent to cheat and defraud his creditors. This can be determined only from the facts and circumstances presented by the affidavits or original papers in each case, and not from mere surmises, possibilities, or conjectures. The action is brought to recover for rent of certain premises herein for the month of October, 1898, payable in advance, under a certain lease in writing, for a term of five years from May 1, 1897, at the yearly rent of $2,000, besides the Croton water tax, agreed

under and by said lease to be paid by said tenant. This made payable under said lease, by said tenant, for the month of October, 1898, the monthly rent, to wit, $166.66, and the Croton water, $13.55, making in all $180.21, which sum became due and payable on October 1, 1898. The fact of the defendant owing this money, and the fact of the defendant going to Marquette, Mich., and having all his goods sent, and marked, "David Cohen, Marquette, Michigan," are not, of themselves, sufficient to grant or allow this attachment. There must be some evidence or some circumstance that points to a fraudulent intent to cheat one's creditors; otherwise, the attachment must fall. Where, from the facts and circumstances, the innocence of the party can be assumed by a preponderance of evidence, such presumption must be accepted. Fraud is never presumed. It is not claimed by the plaintiff that the goods or other property of the defendant was being hidden or secreted, but, on the contrary, that they were packed in boxes and cases, marked and addressed to the defendant himself, as follows: "David Cohen, Marquette, Michigan." It is clear, and must be admitted, that the defendant had the right to change his place of business and residence to any other portion of these United States, provided by so doing no intent appeared to cheat and defraud his creditors. Defendant did that which every honest man would do, if he desired to change his place of residence and business,—direct and mark his goods and other property to himself, "David Cohen, Marquette, Michigan." This gave any creditor he might have, although somewhat inconvenient, the right to sue and obtain judgment against him when the goods or other property arrived at Marquette, Mich. We have gone over the facts presented here very carefully, and cannot find any element of intent to defraud the plaintiff or defendant's creditors, and are therefore of the opinion that the plaintiff has failed to make out a case.

Order appealed from is therefore reversed, with costs and disbursements, and attachment is vacated.

SCHUCHMAN, J. I concur. The affidavit fails to show that defendant has not other property amply sufficient to cover plaintiff's claim of $180.